UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:

PARRISH SHERMAN MCCLAIN  
DEANNA D. MCCLAIN  
    DEBTORS

CASE NO. 19-11325

CHAPTER 13

REASONS FOR DECISION

Debtors Parrish and Deanna McClain move to reconsider dismissal of their chapter 13 case [P-52]. JP Morgan Chase Bank, N.A. ("Chase") [P-55], Transportation Alliance Bank, Inc. ("TAB") [P-57] and the chapter 13 trustee [P-59] oppose the motion. The court typically would hear argument and rule on the motion in open court on April 15, 2020. However, given the closure of the courthouse due to the COVID-19 pandemic, no argument will take place. The court denies the motion based on the parties' submissions.

The debtors filed chapter 13 on November 8, 2019. On January 29, 2020—the date of the confirmation hearing—the debtors were $10,846 in arrears on plan payments despite having received the benefit of an extension of the automatic stay, subject to some conditions. At that hearing debtors' counsel advised that Deanna McClain no longer wished to continue the chapter 13 case. He also explained that Parrish McClain's income had decreased, leaving him unable to propose a feasible plan based solely on his earnings. The court denied confirmation of the proposed plan and dismissed the case [P-50].

The debtors have had a change of heart, "reconciled"[1] and now request reconsideration of dismissal. They claimed they intend to propose a plan surrendering property and matching "the

---

[1] Motion to Reconsider Order Dismissing Case [P-52, ¶4].

ebb and flow of their income" [P-52, ¶¶6, 7] but no modified plan is in the record as of the date of this ruling.

Chase and TAB oppose the motion because the debtors' prior chapter 13 case (No. 18-11280) was dismissed May 26, 2019, only six months before they filed this case. This case was dismissed February 4, 2020. Bankruptcy Code section 362(c)(4) provides that no automatic stay arises on the filing of a later case if a debtor has two or more cases pending but dismissed within a year. Chase and TAB maintain that reconsideration and reinstatement of the case would circumvent section 362(c)(4) and allow the debtors the benefit of the stay.[2]

The chapter 13 trustee agrees with Chase and TAB. She also notes that both the debtors' first case and this case were dismissed for failure to make plan payments, suggesting from experience—and perhaps noting debtors' claim that their income fluctuates—that another default is likely.

Motions for reconsideration filed no later than fourteen days after entry of judgment are treated as motions for new trial or motions to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59, made applicable in bankruptcy court by Federal Rule of Bankruptcy Procedure 9023.[3] Although a court may grant a new trial "for any reason for which a rehearing has [ ] been granted in a suit in equity in federal court,"[4] reconsideration "is an extraordinary remedy that should be used sparingly."[5]

---

[2] *See* December 18, 2019 minute entry. Debtors' motion to impose stay [P-6] pursuant to Bankruptcy Code section 362(c)(3) was granted but the debtors did not submit an order on the court's oral ruling.

[3] *Abraham v. Aguilar (In re Aguilar)*, 861 F.2d 873, 875 (5th Cir. 1988).

[4] Fed. R. Civ. P. 59(a)(1)(B).

[5] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2005) (citation omitted).

The debtors are behind not only in plan payments but also in direct payments to Chase and TAB. Apart from the fact that a change of heart does not support reconsideration of dismissal, the debtors' inability to succeed in two prior cases—one of which was filed well before the period in which the debtors claim their income typically is reduced, according to the debtors' motion to reconsider—betrays the debtors' inability to shoulder the burdens of chapter 13.

Baton Rouge, Louisiana, April 14, 2020.

**s/ Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE